678 So.2d 479 (1996)
Anne M. HAGINS, Appellant,
v.
Robert J. HAGINS, Appellee.
No. 95-2936.
District Court of Appeal of Florida, Fifth District.
August 16, 1996.
Michael C. Norvell of Michael C. Norvell, P.A., Leesburg, for Appellant.
Robert L. Appleget, Jr., Ocala, for Appellee.
PER CURIAM.
AFFIRMED.
PETERSON, C.J., and ANTOON, J., concur.
HARRIS, J., concurs specially, with opinion.
HARRIS, Judge, concurring specially.
The obvious, up-front issue in this case is whether the trial court erred in its Mize[1] analysis on the mother's motion to be permitted to move to Atlanta and yet retain custody of the children under the previous dissolution judgment. The court denied the mother's request and, under the record in this case, I concur with the majority that the judge's ruling is sustainable. I write because of the underlying, even constitutional, issue that may appear in these cases which does not appear to be discussed in the opinions. Suppose the custodial parent, the mother in this case, for whatever reason, determines that the move must be made even without court approval. What does she give up? Is it merely her right to assert custody under the original judgment or does she "forfeit" the right to compete for custody at a "best interest hearing" because she has exercised her right to relocate even without court approval? *480 If the answer is the latter, then the constitutional issue of equal protection comes into play. When asked at oral argument what the issue would have been had the mother moved to Atlanta before the dissolution action had been filed, counsel for the father candidly admitted that then the court would have had to decide the "best interest" issue taking into account the fact that the parents would be living many miles apart. This answer acknowledges that a Florida court may not deny an out-of-state parent fair consideration for custody merely because he or she is not a resident of Florida. Is there a reasonable basis, then, for denying this same fair consideration to a Florida parent who elects to relocate after the divorce when a full "best interest" hearing was not conducted at the hearing on the dissolution?
The mother (and the father for that matter) has a constitutional right to live where she pleases. And while it is true that she has no constitutional right to take the child with her, it is equally true that she cannot be required to forfeit her right to fair consideration for custody merely because of the move. Certainly the relocation of the child is a factor, a very important factor, in determining whether awarding custody to one parent or the other would be "in the best interest of the child." But it is not the only factor nor is it necessarily the dispositive factor. Custody is not granted to a location; it is granted to an individual. It may well be that a child's best interest is served by placing him or her with a good parent residing in a less desirable location than with a less desirable parent residing in near paradise.
To transfer custody of the child from one parent to the other merely because the custodial parent relocates without court approval is nothing short of custody by forfeiture.
I suggest that, by making the unauthorized move, the mother gives up only her right to assert custody under the original judgment. Let's look at the facts of this case. After a long separation, the mother filed for divorce seeking custody and the right to move to Atlanta with the children. The father responded that although he strongly opposed moving the children to Atlanta, he would not challenge for custody so long as the mother did not remove the children from Florida. This "understanding" apparently was the basis of a stipulation in the final judgment. Although the record does not reveal the exact terms of the stipulation, the court awarded the mother custody but required that she not leave the state without either the father's consent or a court order.
At this point, obviously, there has not been a "best interest" hearing. The father has deferred his right to seek custody unless and until the mother elects to move to Atlanta. He agrees that it is in the best interest of the children to reside with the mother but only for so long as she remains in Florida. Although the mother has, by accepting the "stipulation," agreed that the "best interest" hearing may be deferred until she decides whether to move, she has not agreed not to move nor has she agreed that even if she moves, it would be in the children's best interest to remain in Florida with their father.
In Mize, the supreme court reaffirmed that "the best interest of the child clearly is the prime consideration" in the decision as to whether to permit the move. Mize, 621 So.2d at 420. I suggest that it is equally important in determining the issue of custody if the move is going to be made even without court approval. Indeed, even if a custodial parent refuses to honor the noncustodial parent's visitation rights, a change in custody is not permitted unless the court makes an independent determination that the change in custody is in the child's best interest. See section 61.13(1)(c)2, Florida Statutes. Mize, through both Justices Barkett and Shaw, discusses the importance of the child's continuing contact with both parents. Justice Shaw cites section 61.13(2)(b)1, Florida Statutes (1989):
The court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interest of the child.... It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and *481 to encourage parents to share the rights and responsibilities of childrearing.
Mize, 621 So.2d at 422 (Shaw, J., concurring).
But if the custodial parent exercises his or her constitutional right to relocate, the resulting distance between the parents is the same whether you measure from the father to the mother or from the mother to the father. The child is still entitled to meaningful contact with both parents. And it is not enough to say that the custodial parent caused the problem by insisting on the move and thus should suffer the loss; it is the best interest of the child and not the placement of blame that remains the primary concern of the court.
The mother attempted to set up a "best interest" hearing in this case by asserting that even with the move, she remains the parent that should get custody under the best interest of the child standard because the father provides "inadequate sleep, lack of personal hygiene, physical abuse by pinching and bruising, and disparate treatment by the stepmother." The court considered these allegations but apparently only for the purpose of determining whether a change of circumstances had occurred which would meet the Mize requirement and to determine whether the father's conduct was so bad that it would justify his separation from the children. The court stated:
The court has considered the allegations of abuse against the father. The court does not approve of pinching as a method of discipline, nor the extent to which it was used to control the children. However, the father has addressed this problem with classes on anger management and parenting through DHRS and the abuse investigation was closed without classification. This evidence alone does not establish either a material and substantial change in circumstances, nor that it would be in the children's best interest to separate them from their father.
Thus, while the court has determined that the father's former abuse should not deprive the children of their right to have frequent and continuing contact with him, it has made no determination that it would be in the children's best interest to reside with the father if the mother relocates in Atlanta. Although admittedly the court determined that "it is not in the children's best interest to move them to Atlanta," this is not the same as finding that it is in the best interest of the children to leave them with the father if the mother nevertheless moves to Atlanta. Certainly, it would be in the best interest of the children if the parents continued to reside close enough so that "frequent and continuing contact" with both parents could be achieved. However, circumstances sometimes dictate that such is not possible. In a perfect world, perhaps, where all parents are equally qualified to serve as primary residential custodians, the move alone could be dispositive. But the world is not perfect.
I concur because the court has indicated that it will make an appropriate decision on custody when and if the mother informs the court that she intends to remain in Atlanta. It appears to have been the court's position, and perhaps rightfully so, that the sole issue before it was the mother's motion to relocate under Mize. But in its order, the court stated that if the mother decides to relocate even without court approval, it will then decide the father's supplemental petition to modify primary physical residence (and presumably the mother's request for continued custody) under a "child's best interest" standard.
NOTES
[1] Mize v. Mize, 621 So.2d 417 (Fla.1993).