HARRIS, Judge,
concurring specially.
I agree with the per curiam opinion that the judgment below should be reversed for a new hearing. I also agree that a majority of this panel holds that such hearing must be conducted pursuant to Mize v. Mize, 621 So.2d 417 (Fla.1993). I suggest, however, that on remand, if the court permits the mother to relocate with the child or if the court decides to transfer custody to the father because of the mother’s relocation, then the trial court should consider the factors enumerated in section 61.13(3), Florida Statutes, and not rely solely on the Hill factors. It is as wrong, in my view, to permit a parent who has not prevailed under a section 61.13(3) analysis, to remove the child from the state based only on the Hill factors as it *1236 is to require such parent to forfeit the child if the move is not approved.
This is yet another case in which we must decide whether the custodial parent may relocate with the child when the final judgment contains a relocation reservation. It is important to our deliberation, I submit, to consider how that reservation came about. If the court at the time of dissolution made a determination that the custodial parent should have residential custody under the best interest of the child criteria contained in section 61.13(3), then reference to the. Hill factors alone would be sufficient to determine whether the move out of state should be permitted. Under the Hill factors, a move should be permitted if it is not for a vindictive purpose and if the move is based on a “founded belief that relocation is best for the well being of [the custodial] parent and the children.” [Emphasis added.] Russenberger v. Russenberger, 669 So.2d 1044, 1046 (Fla.1996).
But this case, as did Hagins v. Hagins, 678 So.2d 479 (Fla. 5th DCA 1996), involves a relocation restriction based on a stipulation which maintained the status quo (the child must remain in the locale until further action) and reserved, at least by implication, a hearing based on the section 61.13(3) criteria for residential custody for future consideration when and if relocation was requested. As in Hagins, the final judgment in this case merely incorporated the parties’ agreement that the custodial parent (the mother) could not change the primary physical residency of the minor child without either the written consent of the father or appropriate court order. As in Hagins, there was no determination by the court in the final judgment of dissolution as to which parent under the section 61.13(3) criteria should have custody for the best interest of the child. Rather the section 61.13(3) best interest determination was deferred until relocation became an issue because neither parents chose to contest for custody so long as the mother and child remained in the central Florida area. It is for the child’s best interest, and not the parents’, that custody should be based on this statutory criteria. Even if it is possible for a parent to waive a child’s right to have custody considered under section 61.13(3), such waiver should not be presumed merely because a parent stipulates to a conditional custody arrangement — particularly when the condition no longer exists.
Also, as in Hagins, the mother did not agree not to relocate the child’s primary physical residence in the future nor did she agree that if she moved from central Florida that the child’s best interest would be served by transferring custody to the father. The parties merely agreed, and the court approved their agreement, that there would be no relocation unless the father consented or, if he did not consent, until an appropriate hearing is held by the court at which time the father should be given the opportunity to assert his right to “the same consideration”[1] as the mother to be the residential custodian and the court determines the best interest of the child after taking relocation into consideration as a factor.
Mize v. Mize, 621 So.2d 417 (Fla.1993), does not discuss this issue in the context of a stipulated, conditional grant of primary residential custody. But it does distinguish between those cases in which one is awarded custody without a relocation reservation (no change of circumstances required) and those where such reservation is included in the final judgment after “litigation” (a change of circumstances required). This case, and those like it, present a third category — a category in which there is custody coupled with a relocation restriction entered into by stipulation and not imposed by litigation.[2] Therefore, the section 61.13(3) criteria have neither been waived by either parent nor properly weighed by the trial court.
The supreme court has determined that if the custodial parent has received custody outright (no reservation against relocation), then a consideration of the Hill factors is *1237 sufficient to grant authority to relocate even without a change of circumstances. This would appear to be true whether the outright custody was obtained through default, stipulation, or litigation. And the supreme court has ruled that if one parent is awarded primary custody through litigation (apparently based on the section 61.13(3) criteria), then, if a change of circumstances can be proved, a consideration of only the Hill factors may justify relocation. But the supreme court has not yet discussed the rights of the parties who agree to a custody determination conditioned on the parties remaining in the same locale and reserve the best interest hearing until relocation is requested. In such ease, are the Hill factors even relevant? Which parent is more likely to encourage visitation with the noncustodial parent; what are the love, affection and other emotional ties between the parents and the child; what is the relative capacity and disposition of the parents to provide the child with his or her material needs; what is the relative permanence, as a family unit, of the proposed custodial home; what is the relative moral fitness of the parents’; what is the relative mental and physical health of the parents’; and what is the reasonable preference of the child? These questions, not so important if the parents live close together so that the child can spend considerable time with both parents and the noncustodial parent can monitor the child’s condition and progress, become critical when the child is to be moved a great distance away. The Hill factors simply do not address these questions.
The holding by the First District in Landingham v. Landingham, 685 So.2d 946 (Fla. 1st DCA 1996) acknowledges that the best interest of the child (and not merely whether the move is thought by the primary custodian to be in such custodian’s and the child’s best interests) should prevail even in relocation cases.
It might be suggested that the Hill factors include a “best interest” standard sufficient to meet the concerns of section 61.13(3). It simply does not. The sixth Hill factor is: “whether the move is in the best interest of the child.” Obviously, a move may make a bad situation for the child better — but the child may still be better off with the other parent if relocation occurs. Hill makes it clear, by stating that its best interest factor is only a generalized summary of its first five factors, that the relative merits of the parents is not an issue. Its “best interest” analysis consists of determining (1) whether the move would be likely to improve the general quality of life for both the primary residential spouse and the child; (2) whether the motive for the move was to defeat visitation; (3) whether substitute visitation would be adequate in continuing a meaningful relationship with the noncustodial parent, and (5) whether transportation is feasible. This is a very limited concept of “the best interest of the child” and does not adequately substitute for the protection provided by section 61.13(3).
There is a strong public policy reason to distinguish between an outright custody determination (whether entered by stipulation or imposed after litigation) and a stipulated, provisional custody arrangement. Assume that a father who has a particularly close relationship with his children — he reads them their stories and puts them to bed, helps them with their homework, takes them to their school activities and their medical appointments, etc. — concludes that he can continue to be the same interested and involved father even if the children remain in the mother’s primary care so long as the children continue to reside in the same community. Because such father believes that harmony between the parents will benefit the children, that they will benefit from remaining in the marital home (most often awarded to the mother), and that their interest can be adequately assured if he is available to monitor their care, supplement their needs, and provide his encouragement and moral support as needed, he agrees to the conditional (no relocation without a section 61.13(3) best interest hearing being first conducted) primary residential custody being awarded to the mother. If the Russenberger presumption which is based only on the Hill factors and does not consider the section 61.13(3) statutory criteria is applied to this situation, then a parent who believes that he or she would be the better custodian under the section 61.13(3) criteria and could better meet the needs of *1238 the children should the other parent relocate to another area, would be encouraged, because of the adverse presumption, to contest every custody case. This is because the Hill factors do not compare the relative merits of the mother and father in deciding which would be the better parent or even which could provide for the children’s best interest in the event of relocation. The Hill factors only consider the residential custodial parent’s attitude (vindictive or not) and compare the custodial parent’s ability to provide appropriate custody then and now. In other words, the Hill factors assume that the custodial parent has prevailed under a section 61.18(3) analysis and are only designed to determine whether the proposed relocation will adversely affect that decision.
While I agree that the numerous errors below mandate a new trial, I do not believe that it is essential to show a change of circumstances when the parties contemplated at the time of the dissolution that a future move might occur and agreed to reserve the ultimate custody decision until the request to move wifh the child is made. The request to move itself triggers the need for the deferred hearing. A true “best interest” hearing should now be conducted. CASE NO. 96-3197

. Section 61.13(2)(b), Florida Statutes.

. I submit that a "litigated” issue is one which was resolved by the court after submission of evidence. As stated in Potter v. Trudeau, 516 N.W.2d 19 (Wis.App.1994): "We conclude ... that ‘actually litigate’ means a trial or hearing on an issue which requires the trier of fact to resolve by fact finding."