HARRIS, Judge,
concurring in part; dissenting in part:
I concur with the majority opinion that the trial judge properly applied the Hill factors in this case and that his ruling denying relocation is within his discretion. I dissent from that portion of his judgment not discussed by the majority.
In his “Final Order of Modification,” the judge held: “Should the minor child and the former Wife not return to the State of Florida by January 31, 1997, the minor child’s primary physical residence shall be granted to the Former Husband.” I submit that the court should have provided that if the mother elects to relocate without court approval, then her right to continued primary custody under the conditional custody arrangement contained in the separation agreement and approved by the dissolution judgment was terminated. In such case, the court should consider the fact that the parents will not be living in the same area as a factor in determining the best interest of the children when *1025 deciding which parent should have custody under the best interest criteria contained in section 61.13(3), Florida Statutes.
It is apparent from the majority opinion that the father alleged that he should prevail under a best interest standard using criteria not specifically listed in the Hill factors. The court’s order does not reflect a ruling based on this, contention. The children, particularly if there is no express agreement concerning custody to a particular parent, are entitled to a section 61.13(3) best interest hearing, as opposed to merely a Hill factors hearing, before primary custody is changed. In this case, the court has not determined that it is in the best interest of the children to be placed in the primary care of the father; it has merely determined that, under the Hill factors, the mother may not relocate and if she does, the father shall get the children by default. It has ordered a change in the primary residential custody of the children if the mother elects to relocate without court approval without ever determining — either at the time of the original dissolution or at the hearing for modification— that the father would be an appropriate parent for primary custody under the statutory criteria. The children deserve better. See Hagins v. Hagins, 678 So.2d 479 (Fla. 5th DCA 1996) (Harris, J. concurring specially); Mahnke v. Rice, 703 So.2d 1235 (Fla. 5th DCA 1998) (Harris, J., concurring specially).